Civilian pay; correction of military records; composition of Board; longevity retired pay; Pub. L. 92-Jpl5, implementation of judgments, and General Order No. 3 of 1972.— Plaintiff, born July 14, 1902, sues for longevity retired pay *750 under Title III of Pub. L. 810, 80th. Cong., 62 Stat 1087, 10 U.S.C. § 1331, et seq., on the ground that he either possesses the requisite 20 years of continued service in the Army Reserve and on active service in World War II or, if the Army has correctly computed Ms creditable service as 19 years, 11 months and 17 days — 13 days short of 20 years— that the Army Board for Correction of Military Records has erred in denying, without a hearing, his petition for a correction of the record to add 13 days to his creditable service. On February 2, 1973 the court issued the following order:
“This case comes before the court on the report and supplemental report of Trial Commissioner David Schwartz, recommending dismissal of the petition. The plaintiff excepts to portions of the commissioner’s opinion and to his recommended conclusion of law, as well as to certain of his I’ecommended findings, while the defendant accepts the commissioner’s recommended conclusion of law but excepts to parts of the opinion and certain of the recommended Ultimate Findings. The court has heard oral argument and has considered the parties’ briefs and exceptions. Without reaching or determining any of the other points raised by the parties, the court is of the view that the matters of the validity, propriety, and need for correction of the plaintiff’s release from active duty on September 23, 1943 and his discharge from his commission on January 25, 1945, should be remanded, under the Act of August 29, 1972, Public Law 92-415, 86 Stat. 652, to the Army Board for the Correction of Military Records (ABCMR) for further consideration and determination.
“The reasons for this holding are as follows. When plaintiff requested (in January 1965) reconsideration by the ABCMR of his application, this request for reconsideration was considered by two members of the ABCMR staff, not by a panel of members of the ABCMR, and was denied without consideration by such a panel of members. See the trial commissioner’s findings 56-58. At least in the circumstances of this case, in which new evidence in the form of a report by Eugene R. Inwood, M.D. was presented to the ABCMR with *751 tbe request for reconsideration, this failure by Board members to consider the request was significant error which vitiated and voided the denial of the request and an error which calls for a new and valid determination by members of the Board.
“In the exercise of the powers granted by 10 U.S.C. § 1552, the statute provides that the Secretary of the military department concerned shall act through “boards of civilians of the executive part of that military department” (emphasis added), and we understand this to mean that determinations shall be made by the board members themselves, not by staff personnel. Similarly, paragraph 10 of AR 15-185 (8 Jan. 1962) declares that the “Board” will make the determination “in all cases” (with one exception irrelevant to this case) whether to grant a hearing or to deny the application without a hearing. Also, paragraph 19 requires an application heard by the Board to be determined by the Board itself. In this instance, the request for reconsideration presented new material (i.e. the report of Dr. Inwood) not previously before the ABCMR, and at least in these circumstances the final determination should certainly have been made by the Board members themselves. As a matter of law, the omission to do so constituted material error which deprives the determination purported to be made by the ABCMR in December 1965 of all weight, and disentitles it from any acceptance here.
“By an order of December 3, 1971, we rejected, at the instance of the plaintiff, the trial commissioner’s recommendation (in his original report of September 23,1971) that proceedings in this court be suspended for a period to enable the ABCMR to consider this case in the light of the commissioner’s opinion and findings as to the impact of Dr. Inwood’s testimony at the court trial. Our order said in part: “Plaintiff vehemently objects to renewing his application to the Board and the court cannot order him to do so nor order the Board to consider the renewal application if made. In the circumstances the court does not choose to order a suspension of the proceedings for the purpose indicated.”
“Now, however, the legal situation is quite different. Pub- *752 lie Law 92-415, supra, enacted August 29, 1972, has given this court new power, in any case within our jurisdiction, “to remand appropriate matters to any administrative or executive body or official with such direction as it [the court] may deem proper and just.” Under this statute, we have authority to remand to the ABCMR and to direct it to consider Ur. In wood’s testimony, along with the trial commissioner’s evaluation of that evidence, and then to make its determination on plaintiff’s application for correction of records on the basis of the whole record (including Ur. Inwood’s testimony and the commissioner’s reports). In view of the invalidity of the Board’s purported determination of Uecember 1965, we consider that to be the proper course to take. Although plaintiff asked it to do so, the Board has never considered, through the responsible officials, Ur. Inwood’s medical position on plaintiff’s case. The Board should now have both the opportunity and the obligation to undertake such consideration.
“Under General Order No. 3 of 1972 (“Implementation of Public Law 92-415”), dated Uecember 12, 1972, para. 3(c), “the court on its own motion may exercise any power or authority vested in it by the [Act of August 29,1972, Public Law 92-415, 86 Stat. 652].” We are no longer restricted by the parties’ desires or wishes as to further administrative proceedings.
“Accordingly, under Public Law 92-415 and para. 3(c) and 9 (a) of General Order No. 3, of 1972, IT IS ORUEREU as follows:
“ (a) There is hereby remanded to the Army Board for Correction of Military Records for consideration and determination the plaintiff’s application for correction of his military records insofar as that application seeks corrections pertaining to his release from active duty in September 1943 and his discharge from his commission in January 1945.
“(b) In determining that application, the Board shall consider, in addition to all the records and materials properly before it in 1964 and 1965, the record of the trial in this court (including the testimony of Ur. Inwood), the two reports of Trial Commissioner Schwartz (including the opinions and *753 findings), and such other evidence and materials as may properly be presented by the parties.
“(c) Before determining the application, the Board shall grant plaintiff a hearing, bnt this directive shall not be construed to require the duplication or repetition of evidence already taken or presented either administratively or at the trial in this court. The Board may, on the other hand, call, if it wishes, for the oral testimony before it of Dr. Inwood or any other witness.
“(d) In determining the application, the Board shall give its reasons and make appropriate findings of fact in adequate detail.
“(e) After completion of the Board’s proceedings, the record of the proceedings will be presented in normal course for action by the Secretary of the Army pursuant to paragraph 20 of AE15-185.
“ (f) Counsel for plaintiff is designated, under paragraph 9 (a) of General Order No. 3 of 1972, to advise the court of the status of the remand proceedings.
“ (g) There is preserved to each party the right to continue to raise before this court, after completion of the remand proceedings ordered herein, any issue or point now before the court in connection with the exceptions taken to the trial com-, missioner’s report.
“ (h) Upon completion of the remand proceedings, including action by the Secretary of the Army, the provisions of paragraph 9 (b) and 10 of General Order No. 3 of 1972, swpra, will be followed.”
BYTHECOUBT
(Sgd) WILSON CoWEN Chief Judge